UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
GUIDEPOSTS,
                  :
        Plaintiff,      REPORT & RECOMMENDATION
                  :
    -against-         09 Civ. 5994 (GBD)(MHD)
                  :
BF1 FILMS LLC d/b/a FAMILY 1
FILMS and JEFFREY YORDY,  :

        Defendants.   :
------------------------------x

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

       12/8/09

Plaintiff Guideposts commenced this lawsuit against defendants BF1 Films and Jeffrey Yordy, asserting claims for breach of contract by BF1 and, with respect to Yordy, a claim for piercing the corporate veil to impose personal liability on him for corporate debts. Both defendants, after being served with a summons and a copy of the complaint, failed to respond, and accordingly, a default was entered against them. The District Court then referred this case to me to conduct an inquest on damages.

Plaintiff has proffered the affidavit of David Teitler, the Chief Financial Officer for Guideposts. He attached copies of two contracts entered into by his company with BF1 Films. One, labeled "Loan Note and Agreement", provided for a loan of $810,000.00 to be extended by plaintiff to BF1, with repayment of this sum and an additional $41,000.00 within 270 days. (Teitler Aff. ¶ 2, 5 & Ex.

1

A at ¶ 2(A))¹. According to Mr. Teitler, the money was sent to BF1 by wire transfer on October 14, 2008, with repayment due July 11, 2009. (Id. at ¶¶ 4-5). Since BF1 never paid plaintiff the required $851,000.00 (id. at ¶ 6), Guideposts seeks recovery here.

The second contract in issue was titled "Publishing, Marketing, and Film Rights Agreement". It provided for co-marketing by plaintiff and BF1 (doing business as Family 1 Films) of two books to be produced by BF1 based on a film titled "The Velveteen Rabbit". (Id. at ¶ 7 & Ex. B). According to plaintiff, it advanced BF1 $175,000.00 under the terms of the agreement. (Id. at ¶ 7). BF1 was to deliver the books to plaintiff by February 28, 2009, but never did so. (Id. at ¶ 8 & Ex. B at ¶ 3(c)(I)). Accordingly, under the terms of the contract plaintiff was entitled to a return of its advance, but despite its cancellation of the contract on May 19, 2009 and its request for a refund, BF1 never complied. (Id. at ¶¶ 9-11 & Ex. B at ¶ 11(b)).

In addition to the principal amounts that plaintiff seeks, it requests an award of pre-judgment interest and costs. Based on the nine-percent interest rate embodied in C.P.L.R. §§ 5001-02, plaintiff asserts that it is entitled to $27,589.60 in interest

---

[1] The contract also provided for Guideposts to receive four percent of proceeds from a film being produced by BF1 titled "When Calls the Heart". (Ex. 1 at ¶ 5).

through October 19, 2009 and an additional $260.06 per day thereafter[2]. It also seeks an award of costs in the amount of $1,082.20, encompassing the $350.00 court filing fee and $732.20 representing the fee paid for service on the defendants. (See Weissman Aff. at ¶ 2).

Defendants, though given the opportunity to respond to plaintiff's submission on damages, have not opposed the application. Rather, we have received a letter from defendant Jeffrey Yordy stating that defendants do not dispute the amounts sought but are seeking to arrange for funding to pay the debt. ("Defs.' Resp. to Pl.'s Mem. of Law," received Dec. 2, 2009).

Since defendants do not oppose plaintiff's application, we recommend that it be granted. Specifically, judgment should enter in favor of plaintiff and against defendants in the amount of $851,000.00 owed on the Loan Note and Agreement, $175,000.00 on the Publishing, Marketing, and Film Rights Agreement, $27,589.60 in interest through October 19, 2009, $13,003.00 in interest through

---

[2] We note that plaintiff calculates the per diem rate for the days following the October 19, 2009 decision by applying the nine percent annual rate of interest to a sum including the costs of litigation and the interest accrued prior to October 19, 2009. That is not how this calculation is usually done. Nevertheless, in light of the fact that defendants do not dispute the amount of damages, we will adopt the sum calculated by plaintiffs.

3

December 8, 2009, and $1,082.20 in costs, or a total of $1,067,674.80.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable George B. Daniels, Room 630, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Thomas v. Arn, 474 U.S. 140 (1985); DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y. of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)).

Dated: New York, New York
       December 8, 2009

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

4

Copies of the foregoing Report and Recommendation have been mailed this date to:

Christopher Robert Strianese, Esq.
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY 10104

Noah M. Weissman, Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104-3300

Mr. Jeffrey Yordy
3315 Glendale Boulevard, Suite 8
Los Angeles, CA 90039